UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| | ) | |
| DEANDRE Q. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deandre Q. Fletcher's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 16], filed on July 10, 2025.

Defendant asks that the Court continue the plea deadline and August 5, 2025 trial date [Doc. 16]. He seeks a continuance of approximately ninety days [*Id.* at 1]. In support of his motion, Defendant states that defense counsel and the Government are in good communication and will continue working to resolve the matter [*Id.* ¶ 1]. He asserts that that the right to a speedy trial has been explained to him and that he understands that the time between filing this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. Finally, he represents that the Government does not object to the request [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs time to continue working with the Government to potentially resolve the matter and, if such efforts are unsuccessful, otherwise prepare for trial. The Court finds that all of this cannot occur before the August 5, 2025 trial date.

The Court therefore **GRANTS** Defendant Deandre Q. Fletcher's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 16**]. The trial of this case is reset to **November 12, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 10, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Deandre Q. Fletcher's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 12, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 10, 2025**, and the new trial date of **November 12, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 13, 2025**;

(5) the deadline for filing motions *in limine* is **October 27, 2025**, and responses to motions *in limine* are due on or before **November 4, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **October 28, 2025, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 31, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge