UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| | ) | |
| DEANDRE Q. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deandre Fletcher's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 19], filed on October 16, 2025.

Defendant requests the Court to continue the plea deadline, set for October 13, 2025, and the trial date, set for November 12, 2025 [*Id.*]. In support of the motion, Defendant states that his counsel has been involved in a good faith effort to resolve Defendant's case [*Id.* ¶ 1]. Despite due diligence, Defendant's counsel needs additional time to communicate with Defendant and confer with the Government regarding a potential resolution of this matter [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 4]. Defendant understands that the period between the filing of the motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to consult with Defendant, consider a potential resolution, and otherwise prepare for trial if efforts to resolve the case are not fruitful. The Court finds that all of this cannot occur before the November 12, 2025 trial date.

The Court therefore **GRANTS** Defendant Deandre Fletcher's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 19**]. The trial of this case is reset to **January 20, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 16, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Deandre Fletcher's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 20, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 16, 2025**, and the new trial date of **January 20, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 19, 2025**;

(5) the deadline for filing motions *in limine* is **January 5, 2026**, and responses to motions *in limine* are due on or before **January 13, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 6, 2026, at 1:00 p.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 9, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge