UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| | ) | |
| DEANDRE Q. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Motions to Continue Deadlines and Trial Date [Docs. 23 & 24], which he filed on December 23, 2025.[1]

Defendant asks the Court to continue by sixty days the plea deadline and the trial associated with this matter [Doc. 24 p. 1]. In support of his motion, Defendant asserts his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional time will be required for counsel to communicate with Defendant who was recently transported to remote detention in Laurel County, Kentucky [*Id.* ¶ 1]. Defendant also states a continuance will provide the parties an opportunity to make a full resolution of the case and will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the interests of the public and Defendant in a speedy trial [*Id.* ¶ 2]. Defendant's motion reflects that counsel for the Government has been made aware of the request and has no objection [*Id.* ¶ 4]. Defendant

---

[1] It appears that Defendant's second filing is updated to reflect the position of the Government, so the Court cites to that filing herein.

understands his right to a speedy trial and that the time between the filing of the motion and the new trial date will be excluded from his speedy trial calculation [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, the parties need additional time to conclude plea negotiations and, if plea negotiations are not fruitful, the parties will need time to prepare the case for trial. The Court finds that this cannot occur before the January 20, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motions to Continue Deadlines and Trial Date [**Docs. 23 & 24**]. The trial date is reset to **March 31, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motions to Continue Deadlines and Trial Date [**Docs. 23 & 24**] are **GRANTED**;

(2) the trial date is reset to commence on **March 31, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 23, 2025**, and the new trial date of **March 31, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 27, 2026**;

(5) the deadline for filing motions *in limine* is **March 16, 2026**, and responses to motions *in limine* are due on or before **March 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 17, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 20, 2026**.

**IT IS SO ORDERED.**

          ENTER:

          _____
          Jill E. McCook
          United States Magistrate Judge