# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| | ) | |
| DEANDRE Q. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Deandre Fletcher's Motion to File Late Pretrial Motion [Doc. 27], filed on January 14, 2026. *See* 28 U.S.C. § 636(b). Defendant is charged with being a felon in possession of a firearm and ammunition on January 30, 2025 [Doc. 3 p. 1]. This charge arises out of law enforcement's response to 911 calls reporting a domestic disturbance at the other half of the duplex where Defendant lives [*See* Doc. 25 p. 1].

Defendant's deadline for filing pretrial motions expired on June 25, 2025 [*See* Doc. 7]. Defendant requests leave to file a motion to suppress evidence challenging law enforcement's entry onto the curtilage of the duplex [Doc. 27 pp. 1–2]. As grounds, Defendant asserts that defense counsel discovered this issue after reviewing police incident reports from a ten-year period prior to the alleged offense date [*Id*. at 1]. Defendant claims these reports contradict the "sworn testimony" of the responding officer that law enforcement had been to the property several times and that an individual previously fled from the back of the property [*Id*.]. He contends that neither the Government nor the community is prejudiced by the late motion because the Government waited four months to charge him and has alleged no prejudice from the delay [Doc. 30 p. 2].

The Court finds Defendant fails to show good cause for the seven-month delay in filing a motion to suppress evidence and, thus, **DENIES** his motion for leave to file a motion out of time [**Doc. 27**].

## I. BACKGROUND

On May 7, 2025, the Grand Jury charged Defendant with being a felon in possession of a firearm and ammunition on January 30, 2025 [Doc. 3 p. 1]. Defendant first appeared on a writ from state custody [*see* Doc. 6] on May 28, 2025 [Doc. 7, Minutes]. At that time, the undersigned set a pretrial motion deadline of June 25, 2025, and a trial date of August 5, 2025 [*Id*.]. On July 3, 2025, Defendant moved [Doc. 14] without opposition to extend the plea deadline to July 10, 2025, which the undersigned granted [Doc. 15]. Defendant subsequently filed three motions to continue the trial date and plea deadline citing the need to continue plea negotiations [Docs. 16 ¶ 1; Doc. 19 ¶ 1; Doc. 23 ¶ 1].[1] Defendant did not ask to reopen and extend the motion deadline. The Court granted the requested continuances [Docs. 17, 20, & 26], and the current trial date is March 31, 2026 [Doc. 26 p. 2].[2]

On January 14, 2026, Defendant moved for leave to file a late suppression motion [Doc. 27], challenging law enforcement's warrantless entry onto the curtilage of the duplex at which he resided [Doc. 25 pp. 3–4]. He asserts that defense counsel "requested and received last week 33-pages of incident reports from the Knoxville Police Department" spanning a ten-year period prior to the date of the alleged offense [*Id*. ¶ 3]. He states the Government did not provide

_____

[1]     On December 19, 2025, Defendant also requested a one-week extension of the plea deadline due to defense counsel's illness [Doc. 21 ¶ 1]. The Court granted this request and extended the plea deadline to December 29, 2025 [Doc. 22].

[2]     On March 6, 2026, Defendant again moved to continue the trial sixty days due to his pending motion for leave and motion to suppress [Doc. 31 ¶ 1].

these reports in discovery [*Id*.]. Defendant asserts "[t]his newly obtained information contradicts the officer's sworn testimony that they had been to both [residences at the duplex] several times and that someone tried to run out of the back of the house previously" [*Id*.]. According to Defendant, the only report of an individual leaving from the back of the property is from March 2020, which is more than five years before the alleged offense date relating to the current charge and involved a different officer [*Id*.]. Defendant asserts that this report calls into question the officers' entry onto the curtilage of the home [*Id*. ¶ 4].

The Government responded in opposition, arguing that the KPD incident reports at the heart of Defendant's motion are not covered by Rule 16 and that Defendant's motion is frivolous because officers responded to the property based upon a 911 call [Doc. 28 p. 1]. It asserts that Defendant's allegation at best would be impeachment information if the same officer testified in another proceeding [*Id*.]. The Government contends that the responsibility for the delay rests with Defendant, who filed the proposed suppression motion over seven months late despite possessing the body camera footage of the seizure since June 4, 2025 [*Id*. at 2–3]. It opposes the late motion due to the extraordinary length of delay and because the motion is frivolous [*Id*. at 3].

In response to the Court's Order [Doc. 29], Defendant filed a reply [Doc. 30].[3] He asserts that whether the Government should have provided the KPD incident reports in discovery is "debatable" [*Id*. at 1]. He contends the responding officer, Officer Barrett, testified in a state preliminary hearing on March 10, 2025, that on a prior call to this property, an individual ran from the back of the duplex [*Id*. at 1–2]. According to Defendant, defense counsel realized he needed to review records of prior calls to the residence after reviewing the transcript of the officer's testimony at the preliminary hearing. Defendant denies the proposed suppression motion is

---

[3]     Defendant filed his reply one day late.

frivolous and contends that the focus of the motion is whether the officer was legally on the home's rear curtilage when he observed Defendant [*Id*. at 2]. Defendant asserts that neither the Government, nor the community, will be prejudiced from the belated filing [*Id*.]. He maintains that the Government is in no hurry to prosecute this case because it did not seek to charge him for four months after the alleged incident [*Id*.]. Nor has it alleged any prejudice from the delayed filing [*Id*.]. Defendant explains the delay in filing "was based on additional investigation and review after continued discussion with defendant, and the government has not shown any prejudice to either the government, the court or the community" [*Id*. at 3].

The motion for leave is now ripe for adjudication.

## II.      ANALYSIS

Motions seeking suppression of evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)). In assessing good cause, the Court reviews and analyzes the facts of each case. *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

Here, Defendant's explanation for the untimely filing does not amount to good cause. That an officer entered onto the curtilage of the property and intercepted Defendant in the rear of the

4

property were facts known to Defendant early in the case, and Defendant did not request the police records until months after the pretrial motions deadline expired. Moreover, the record before the Court shows Defendant chose to forego filing pretrial motions to pursue plea negotiations. "The Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion." *United States v. Campos*, No. 5:17-CR-55, 2018 WL 1406614, at *3 (E.D. Ky. Feb. 23, 2018)), *report & recommendation adopted by* 2018 WL 9802097 (E.D. Ky. Mar. 13, 2018). Counsel's choice not to pursue timely pretrial motions while engaged in plea negotiations is a strategic choice that does not amount to good cause. *Walden*, 625 F.3d at 966 (observing "it does not seem unreasonable to require defense counsel to simultaneously pursue a motion to suppress while engaging in plea negotiations"); *see also United State v. Downey*, No. 24-5328 2025 WL 1826757, at *4 (6th Cir. July 2, 2025) (affirming the district court's decision not to litigate a suppression motion filed four and one-half months after the motion deadline because defendant "consciously decided to not file his motion in an attempt to curry favor with the prosecution in plea negotiations[, which] is not a sufficient reason to establish good cause for failure to file in a timely manner"), *cert. denied*, 146 S. Ct. 837 (2025).

While Defendant asserts no prejudice inures to the Government, the Court, or the community from the untimely motion, the public has an interest in a speedy trial. *Bloate v. United States*, 559 U.S. 196, 211 (2010) (observing that the Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice" (citation omitted)). In addition, the parties and the Court are entitled to rely on the deadlines set by the Court in allocating time and resources. *United States v. Cornejo-Garcia*, No. 3:19-CR-90, 2019 WL 5296762, *5 (E.D. Tenn. Oct. 21, 2019). "Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility

5

of these deadlines in future cases." *Id*. (quoting *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (affirming lack of good cause for failure to file suppression motion timely, so as not to hinder plea negotiations). Accordingly, the Court finds that both the Court and the Government are prejudiced by the untimely suppression motion.

In sum, Defendant does not demonstrate a legitimate reason for the delay or the absence of prejudice. Accordingly, good cause does not support litigation of Defendant's untimely motion.

## III.     CONCLUSION

For the reasons discussed herein, the Court finds Defendant fails to show good cause for permitting the delayed motion to suppress. Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to File Late Pretrial Motion [**Doc. 27**] is **DENIED**;

(2) Defendant's untimely Motion to Suppress [**Doc. 25**] is **WITHDRAWN**; and

(3) the Court will address Defendant's unopposed Motion to Continue Deadlines and Trial Date [Doc. 31], requesting a new plea deadline and a sixty-day extension of the March 31, 2026 trial date, in a separate memorandum and order.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge