| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| | ) | |
| DEANDRE Q. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deandre Fletcher's Motion to Continue Deadlines and Trial Date [Doc. 31], filed on March 6, 2026.

Defendant asks to continue the March 31, 2026 trial date and the February 27, 2026 plea deadline [*Id.* p. 1]. As grounds, Defendant states that the parties need additional time to work toward an agreed resolution [*Id.* ¶ 2].[1] Defendant understands and agrees that all time between the filing of the motion and the new trial date is excludable from the speedy trial calculation [*Id.* ¶ 3]. The Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

---

[1] Defendant also references his motion for leave to file a late suppression motion beyond the deadline [Doc. 31 ¶ 1]. The Court did not permit the late suppression motion [*see* Doc. 32] and, thus, does not consider the motion as a basis for excluding time until the new trial date. The time needed to litigate the motion for leave, however, is excludable. *See* 18 U.S.C. § 3161(h)(1)(D) & (H).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Fletcher the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The parties need additional time to engage in plea negotiations, and, if plea negotiations are ultimately not fruitful, counsel for Defendant needs time to otherwise prepare for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the March 31, 2026 trial date.

The Court therefore **GRANTS** Defendant Fletcher's Motion to Continue Deadlines and Trial Date [**Doc. 31**]. The trial of this case is reset to **June 30, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on March 6, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Deadlines and Trial Date [**Doc. 31**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 30, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 6, 2026**, and the new trial date of **June 30, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 29, 2026**;

(5) the deadline for filing motions *in limine* is **June 15, 2026**, and responses to motions *in limine* are due on or before **June 23, 2026**;

2

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 16, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 19, 2026**.

    **IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3