UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| | ) | |
| DEANDRE Q. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deandre Fletcher's Motion to Continue Trial and All Related Deadlines [Doc. 38], which he filed on April 29, 2026, and on the Government's Motion for Leave to File Response Out of Time [Doc. 40], which it filed on May 12, 2026.

Defendant asks the Court to continue the June 30, 2026 trial date as well as all other deadlines in the Court's last scheduling order and to reopen the deadline for pretrial motions [*Id*. at 1]. As grounds, Defendant states the Court substituted Attorney Russell T. Greene as his counsel of record on April 1, 2026 [*Id*.; *see* Doc. 36]. Defendant contends that new defense counsel needs time to complete review of discovery and investigate the case [*Id*.]. In this regard, Defendant requests a new motion deadline, stating that "[c]ounsel has identified issues that are dispositive and will need motion[s] fil[ed] and potential hearings on such motions" [*Id*.]. Defendant understands his speedy trial rights for purposes of this motion to continue [*Id*.].

The Court ordered the Government to respond to the motion to continue including to Defendant's request to reopen the deadline [Doc. 39]. The Government's deadline for responding was May 4, 2026 [*See id*.]. On May 12, the Government moved for leave to file its belated

response, stating that its response was scheduled to be filed on May 4, while counsel was on leave, but due to "an internal miscommunication, the response was not filed by the deadline" [Doc. 40 p. 1]. The Government requests a short extension of its response deadline to file the attached response [*Id*.]. Defendant filed no response to the Government's motion for leave and thus, the Court finds Defendant does not object to the Government's belated filing. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The Government's motion for leave [**Doc. 40**] to file a late response is **GRANTED**.

In its response, the Government does not object to continuing the trial date, the plea deadline, and other unexpired deadlines [Doc. 40-1 pp. 1–2]. It does, however, object to reopening the pretrial motion deadline, arguing Defendant fails to show good cause for additional pretrial motions [*Id*.]. It notes the undersigned previously denied prior defense counsel's motion for leave to file an untimely motion to suppress evidence [*Id*.; *see* Doc. 32 p. 6]. It argues that Defendant, through new counsel, fails to provide a legitimate explanation for the potential late filing and that a change in counsel alone is not sufficient [Doc. 40-1 p. 2]. The Government also maintains that permitting additional pretrial motions would, as the Court previously found, prejudice the Court and the Government [*Id*. at 3; *see* Doc. 32 p. 6].

Based upon the parties' positions and because the Government does not oppose a trial continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant

2

needs time to review discovery, investigate the case, meet with Defendant, engage in plea discussions, and ready the case for trial. The Court finds that all of this cannot occur before the June 30, 2026 trial date.

The Court therefore **GRANTS in part** Defendant's Motion to Continue Trial and All Related Deadlines [**Doc. 38**]. The trial of this case is reset to **September 15, 2026**, and new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on April 29, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Defendant's request to reopen the pretrial motion deadline, however, is **DENIED**. The Court has discretion to reopen a motion deadline and to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

Defendant Fletcher fails to make this showing [*See* Doc. 32 pp. 4–6]. Defendant's deadline for filing pretrial motions expired on June 25, 2025 [Doc. 7, Minutes]. Defendant does not identify the dispositive motion that he seeks to file, nor does he explain why this motion was not previously filed. The undersigned previously found that prior defense counsel "chose to forego filing pretrial motions to pursue plea negotiations" and that such "is a strategic choice that does not amount to good cause" [Doc. 32 p. 4–5].

3

The situation remains unchanged despite the substitution of counsel. As the Government observes [Doc. 40-1 p. 2], our appellate court has determined that "'[a] change in counsel alone is not sufficient to constitute good cause'" for an untimely motion. *United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. 2019) (quoting *United States v. Reynolds*, 534 F. App'x 347, 357 (6th Cir. 2013)). To hold otherwise would incentivize defendants "to cycle through new attorneys, simply to raise new arguments and motions" in disregard for the "principles of Rule 12 and the Speedy Trial rights of the public." *United States v. Webb*, No. 2:23-CR-42, 2024 WL 2134864, at *2 (W.D. Penn. May 13, 2024) (citing *United States v. Santana-Dones*, 920 F.3d 70, 81 (1st Cir. 2019)). Additionally, Defendant fails to address prejudice to either party, the Court, or the public from a lengthy continuance to accommodate pretrial motions, motion hearings, a report and recommendation on dispositive issues, and a ruling from the District Judge.

Accordingly, Defendant's request to reopen the pretrial motion deadline is **DENIED**. If defense counsel finds additional pretrial motions are necessary, he must file the motion(s) as an attachment to a motion for leave to file the motion(s) out of time, and he must demonstrate good cause for the late filing, addressing both the reason for not filing the motion earlier and the prejudice to all parties from the late filing. Counsel is encouraged to file any motions for leave as soon as possible.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and All Related Deadlines [**Doc. 38**] is **GRANTED in part** in that the Court continues the trial date, plea deadline, and other related dates and deadlines;

(2) the trial of this matter is reset to commence on **September 15, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

4

(3) all time between the filing of the motion on **April 29, 2026**, and the new trial date of **September 15, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the Government's Motion for Leave to File Response Out of Time [**Doc. 40**] is **GRANTED**;

(5) Defendant's request to reopen the deadline for filing pretrial motions is **DENIED**;

(6) if defense counsel finds additional pretrial motions are necessary, he must file the motion(s) as an attachment to a motion for leave to file the motion(s) out of time, and he must demonstrate good cause for the late filing, addressing both the reason for not filing the motion earlier and the prejudice to all parties from the late filing;

(7) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 14, 2026**;

(8) the deadline for filing motions *in limine* is **August 31, 2026**, and responses to motions *in limine* or due on or before **September 8, 2026**;

(9) the parties are to appear before the undersigned for a final pretrial conference on **September 1, 2026, at 1:00 p.m.**; and

(10) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 4, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge