UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-41-TAV-JEM |
| DEANDRE Q. FLETCHER,<br><br>Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Motion by Defendant Deandre Q. Fletcher to Continue Trial and All Relevant Deadlines [Doc. 46], filed on August 20, 2026.

Defendant asks the Court to continue the September 15, 2026 trial date, the plea deadline, and all other relevant deadlines [*Id*. at 1]. As grounds, Defendant states the Court substituted Attorney Gerald L. Gulley, Jr., as his counsel of record on August 19, 2026 [*Id*. ¶ 1; *see* Doc. 45]. Defendant contends that new defense counsel needs time to review discovery and discuss the case, including potential defenses, with Defendant, who is housed out-of-state in Laurel County, Kentucky [*Id*. ¶¶ 1–2]. Defendant is aware of his speedy trial rights and does not oppose the requested continuance [*Id*.¶ 4]. The Government does not oppose the requested continuance of the trial date and relevant deadlines [*Id.* ¶ 3].

Based upon the parties' positions and because the Government does not oppose a trial continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).

Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to review discovery, investigate the case, meet with Defendant, engage in plea discussions, and ready the case for trial. The Court finds that all of this cannot occur before the September 15, 2026 trial date.

The Court therefore **GRANTS** the Motion by Defendant Deandre Q. Fletcher to Continue Trial and All Relevant Deadlines [**Doc. 46**]. The trial of this case is reset to **December 8, 2026**, and a new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on August 20, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) the Motion by Defendant Deandre Q. Fletcher to Continue Trial and All Relevant Deadlines [**Doc. 46**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 8, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 20, 2026**, and the new trial date of **December 8, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 6, 2026**;

(5) the deadline for filing motions *in limine* is **November 23, 2026**,[1] and responses to motions *in limine* or due on or before **December 1, 2026**;

[1] The final line of Defendant's motion asks to continue the trial date, plea deadline, pretrial conference, "and any other relevant deadlines, including . . . any Motion deadlines" [Doc. 46 ¶ 4].

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 17, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 30, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

---

Here, the only relevant motion deadline is the deadline for filing motions in limine because the deadline for filing pretrial motions expired on June 25, 2025 [Doc. 7, Minutes]. The undersigned previously denied a blanket request to reopen the motion deadline by prior counsel [Doc. 42 pp. 3–4]. To the extent the reference to the motion deadline applies to the deadline for filing pretrial motions, the Government expressly objected to reopening the pretrial motion deadline at the August 19 motion hearing on the substitution of counsel. Moreover, Defendant does not show good cause for reopening the pretrial motion deadline. *See United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. 2019) (observing that a change of counsel without more is not good cause to allow an untimely motion (citing *United States v. Reynolds*, 534 F. App'x 347, 357 (6th Cir. 2013))). If defense counsel finds an additional pretrial motion is necessary, he must file the motion as an attachment to a motion for leave to file the motion out of time, and he must demonstrate good cause for the late filing, addressing both the reason the motion was not filed timely and the prejudice to all parties from the late filing.